Yakup Sari SBN: 336030
Sari Law Firm
540 N Golden Cir Dr #303
Santa Ana, CA 92705
Tel No. 949-426-5071
Email: info@sarilaw.us

Attorney for Plainfiff Emek Ersoysal

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| Emek Ersoysal individual; | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | 1- Declaratory Judgment for Non-Trademark Infringement |
| HP, INC. a California Incorporation, Does 1-10; | 2- Tortious Interference with Existing Business Relationship; |
| Defendants, | 3- Tortious Interference with Prospective Business Relationship; |
| | 4- Negligent Interference with Prospective Economic Advantage: |
| | 5- Unfair Business Practice |

For its complaint, Plaintiff Emek Ersoysal, hereinafter "Ersoysal", by and through his attorneys, asserts as follows:

**I.      THE PARTIES**

1. ERSOYSAL is a resident of Germany. He owns the Buyingshops, Amazon Seller Account.

2. HP Inc. is an American multinational company hereinafter "HP" headquartered in Palo Alto, California.

**II.      JURISDICTION AND VENUE**

3. This action includes a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks).

-1-
COMPLAINT

4.    Personal Jurisdiction over HP is established based on the assertion that HP`s headquarter is located in Palo Alto, California. Such activities likely include transactions with residents of this jurisdiction, as well as the use of digital and physical marketing strategies aimed at customers located herein. These actions provide sufficient minimum contacts with the forum to warrant the exercise of personal jurisdiction in accordance with principles of fair play and substantial justice.

5.    Venue is deemed appropriate in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), given that the defendant, HP, conducts business that reaches into this jurisdiction.

### III. GENERAL ALLEGATIONS

**A. BACKGROUND**

6.    Ersoysal purchased HP-branded products from Anil Bilgisayar Kirtasiye Gida Turizm Ins. LTD. STI, an HP-authorized seller in Turkey, and listed them on Amazon.de without altering the packaging or the HP trademarks.

7.    Mr. Ersoysal has been selling different products on Amazon.de for seven years. His earnings reached 20,010.00 euros in revenue in February 2023, and 22,460.00 Euros in March 2023.

8.    Buyingshop`s listings and ASINS above has been closed due to a counterfeit/ trademark infringement claim made by HP, Inc. at. enforcement_hpinc@corsearch.com on April 15, 2023.

9.    Mr. Ersoysal has never changed the original packaging of HP-trademarked products. He tried to resolve this issue amicably by sending multiple emails to HP's intellectual property agent.

10.   In May 2023, Ersoysal sent an e-mail to HP`s agent and stated the following as HP requested *"Dear Corsearch, here is the information and a Copy of the receipt and HP authorization in the attachment.*

*Name: Ersoysal*

*Amazon User ID/Username: Buyingshop*

*ASINs: B015H31XZ0*

*Amazon Complaint ID: A3K33YKVITP3BT*

*Copy of receipt and name of the supplier: HFZ Global GmbH in Germany*

*Kind regards,"*

11.   However, HP`s agent did not retract the infringement notice on May 09, 2024.

12.   Plaintiff`s attorney communicated with HP`s intellectual property agent to resolve this matter amicably on April 25, 2024. They were never able to prove that Seller sold unauthentic products as of June 11, 2024.

-2-
COMPLAINT

13.     Plaintiff contacted Amazon a total of nine times on April 11, April 14, May 4, May 8, May 9, May 31, June 1, and June 6, 2023, but without specific feedback or instructions. The last attempt at contact occurred on June 2024 via Plaintiff's attorney.  Following this contact attempt, Amazon finally reactivated Plantiff's account.

14.      Defendant received documents that proved the authentication of products sold by Plaintiff. However, Defendant consistently failed to retract trademark infringement on the listing. Additionally, Defendant has never provided evidence that proves Plaintiff sold a counterfeit product.

15.      Defendant tortiously caused Amazon.de to terminate the existing contract with Plaintiff. Therefore Plaintiff was not able to sell the products on Amazon.de from the date infringement has been sent.

**B. FINANCIAL DIFFICULTIES**

16.     Plaintiff suffered a substantial loss of income due to Defendant's actions, which resulted in serious financial issues for Plaintiff.

17.     Plaintiff's sudden halt in income left him unable to pay both loans and other payments required by his bank, forcing him to the brink of bankruptcy.

18.     Plaintiff had considerable difficulty providing for his family due to the unjustified closing of his Amazon store.

19.      The unjustified closing of Plaintiff's Amazon store left him unable to pay certain debts, which resulted in a conflict with the wholesaler Plaintiff worked with. This conflict subsequently resulted in said wholesaler refusing to work with Plaintiff.

**C. PSYCHOLOGICAL PROBLEMS**

20.     Plaintiff's unjustified loss of income and the resulting financial difficulties left him with serious psychological damage. Plaintiff has been forced to endure a considerable amount of stress and anxiety as a consequence of the unjustified closure of his Amazon store. Plaintiff's struggle with stress and anxiety caused them other serious psychological difficulties, including social isolation from his peers and community, as well as a deterioration in his family life. Plaintiff has begun to seek help for his serious psychological problems from both a professional and a chaplain. Plaintiff's recovery from the described psychological issues remains unresolved and will almost certainly prove a long and difficult journey.

<u>**V. CLAIMS FOR RELIEF**</u>

**<u>FIRST CLAIM FOR RELIEF</u>**
**(Declaratory Judgment of Non-Infringement)**

21. Plaintiff repeats and re-alleges every allegation set forth in the paragraphs, above.

22. Defendant has alleged that Plaintiff sold counterfeit products on Amazon.de. However, they have never provided evidence to prove their trademark infringement/counterfeit product claim made to Amazon.de.

23. Plaintiff sourced HP trademarked products from one of HP`s authorized resellers and listed them on Amazon.de.

24. Considering the circumstances, it is entirely possible that Plaintiff may yet again lose his income source due to Defendant`s baseless counterfeit claim. Because Amazon.de is considering sellers, who are allegedly infringing other sellers` intellectual property rights, as dangerous sellers and terminating the contract between sellers and Amazon.de.

25. Therefore Plaintiff requests a declaratory judgment that Plaintiff has never sold counterfeit products and infringed HP`s trademarks.

## SECOND CLAIM FOR RELIEF
### (Tortious Interference with Contract)

26. Plaintiff repeats and re-alleges every allegation set forth in the paragraphs, above.

27. Plaintiff had a valid contract with Amazon.de that enabled him to sell products on Amazon.de.

28. Defendant sent a counterfeit/trademark infringement notice that caused Amazon.de to suspend Plaintiff`s account and listing.

29. Defendant knew of Plaintiff's contract with Amazon.de and was informed that Plaintiff`s Amazon seller account had been deactivated due to Defendant`s infringement notice.

30. Even though Plaintiff has provided all the necessary information for Defendant to retract the infringement notice. Defendant repeatedly refrained from retracting the infringement notice.

31. First sale doctrine allows sellers that purchased the trademarked products to sell in different sales platforms.

32. In addition to that, Plaintiff attempted to resolve the deactivation issue with Amazon.de due to Defendant`s infringement claim at least eight times.

33. The conduct of Defendant, as described above, was to disrupt the contract between Plaintiff and Amazon.de. Defendants were successful in disrupting Plaintiff's contract with Amazon.de when Defendant sent the infringement notice and failed to retract the infringement notice.

34. Defendant's false claims that Plaintiff committed trademark infringement or sold counterfeit products on Amazon.de caused Amazon.de to deactivate Plaintiff`s seller account and delete the listing. Defendant tortiously interfered with Plaintiff's Amazon.de contract.

35. To rectify Defendants' tortious interference, Plaintiff suffered damages according to proof at trial, which include but are not limited to Plaintiff's legal fees.

36. Because Defendants' actions were oppressive and malicious within the meaning of California Civil Code section 3294, punitive damages should be awarded against these Defendants to deter such egregious conduct in the future.

### THIRD CLAIM FOR RELIEF
### (Tortious Interference with Prospective Business Relations)

37. Plaintiff repeats and re-alleges every allegation sets forth in the paragraphs, above.

38. Plaintiff has valid contracts with Amazon.de that grant Plaintiff rights to sell products on Amazon.de. Amazon.de`s customers were/will be able to purchase Plaintiff`s products due to the existing contractual relationship between Plaintiff and Defendant.

39. Plaintiff has/had contract and/or reasonable expectations of entering contracts with Amazon.de`s customers.

40. Defendant has full knowledge of Amazon.de`s contracts with its Customers.

41. Defendant has full knowledge of Plaintiff`s contract and reasonable expectations of future contract with Amazon.de`s customers.

42. Defendant's false claims of trademark infringement or counterfeit product sales led Amazon to deactivate Plaintiff's seller account and remove his listings. Defendant tortiously interfered with Plaintiff's Amazon.de contract.

43. Plaintiff has suffered and will continue to suffer damages due to Defendant's tortious interference with its contracts and/or prospective economic advantage.

44. Plaintiff has suffered and will continue to suffer irreparable harm due to Defendant`s tortious interference with its contracts and/or prospective

45. Plaintiff demands that judgment be entered in its favor against Defendants of the Complaint for Plaintiff's actual damages, exemplary damages, and for such further relief the Court finds proper and necessary.

### FOURTH CLAIM FOR RELIEF
### (Negligent Interference with Prospective Economic Advantage)

46. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

47. Plaintiff had a reasonable probability of future business opportunities and economic benefit in connection with both: (i) its relationships with its Amazon Customers; and (ii) its relationship with Amazon.de.

48. Defendants had knowledge of such opportunities and knew or should have known that if they did not act with due care, their actions would interfere with such opportunities and cause Plaintiff to lose the economic benefit of such relationships.

49. Defendant has acted negligently and has disrupted Plaintiff`s relationships and business opportunities with his customers on Amazon.de in violation of, among others, California Business & Professions Code § 17200.

50. As a direct and proximate result of Defendant`s conduct, Plaintiff has been injured by Defendant in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**(Unfair Business Practice)**

51. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

52. The Unfair Competition Law defines unfair competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. California Business and Professions Code §17200, et se.

53. Defendant violated, and continues to violate, California Business and Professions Code §17200, et seq., by misrepresenting Amazon.de that Plaintiff sold counterfeit products or products that infringe HP`s trademark.

54. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of California Business and Professions Code §17200, et seq.

55. Defendant, through its acts of unfair business practice, unjustly enriched and Plaintiff incurred damages.

**PRAYER FOR RELIEF**

WHEREFORE, Ersoysal prays for the following relief:

1. That judgment be entered in favor of Ersoysal and against Defendant on each and every Count of this Complaint

2. For treble damages;

3. For pre-judgment interest at the maximum rate allowable by law;

    4. For treble damages pursuant to California Civil Code

    5. That Ersoysal be awarded his costs incurred, including reasonable attorneys' fees; and

That the Court grant such other and further relief as it deems just and proper.

                                                                                                             Respectfully Submitted,

Dated: June 20, 2024                                                          By: */s/Yakup Sari*
                                                                                  Yakup Sari, Esq.

                                                                                 Attorney for Plainfiff
                                                                                 Emek Ersoysal